MEMORANDUM **
*961 Serhiy Petrovich Dyshlyuk and his wife, natives and citizens of Ukraine, petition for Review of a Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review the agency’s factual findings for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
Substantial evidence supports the agency’s conclusion that Dyshlyuk’s interrogation regarding the theft of military equipment did not constitute persecution on account of a protected ground. See Dinu v. Ashcroft, 372 F.3d 1041, 1044-45 (9th Cir.2004); cf. Grava v. INS, 205 F.3d 1177, 1181 (9th Cir.2000). Substantial evidence also supports the agency’s finding that Dyshlyuk’s fear of future persecution lacked an objective basis. See Nagoulko v. INS, 333 F.3d 1012, 1018 (9th Cir.2003). Accordingly, Dyshlyuk’s asylum claim fails.
Because Dyshlyuk did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the agency’s denial of CAT relief because Dyshlyuk failed to show it is more likely than not he will be tortured if returned to Ukraine. See Hasan v. Ashcroft, 380 F.3d 1114, 1122-23 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.